IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-30011 |
| | ) | No. 99-30011 |
| | ) | |
| JOHN ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

On February 28, 2013, Defendant John Rogers filed a pro se letter. See Case No. 00-30011 (d/e 46); Case No. 99-30011 (d/e 61). In the letter, Defendant asks why he is serving his sentence in federal prison when he should be in state prison. Defendant also asks for his federal transcripts.

The Court sent a copy of the letter to the Government and counsel for Defendant. The Court asked counsel to file a memorandum

addressing whether the Court had jurisdiction to order that Defendant's sentence be served in the Illinois Department of Corrections (IDOC).

The Government responded that Defendant was detained in the federal case and, therefore, was in the custody of the federal Government. See Case No. 00-30011, Gov't Mem. (d/e 47); Case No. 99-30011, Gov't Mem. (d/e 62). Consequently, when Defendant was sentenced by this Court, he was to remain in federal custody until his sentence of 23 months had been served. Following completion of his federal sentence, Defendant will be transferred to IDOC to serve out his state sentence with credit for the 23 months spent in federal custody. Case No. 00-30011, Gov't Mem. (d/e 47); Case No. 99-30011, Gov't Mem. (d/e 62).

The Government also notes that once a district court enters a final judgment, the court lacks jurisdiction to continue hearing related issues, except as authorized by statute or rule. While Federal Rule of Criminal Procedure 35 allows revision of a sentence within 14 days, Defendant was sentenced November 26, 2012 and the Revocation Judgment was entered November 30, 2012. Therefore, Rule 35 would not permit

revision of the sentence.  Counsel for the Government also states that he is not aware of any statute or rule which would give this Court jurisdiction to order that Defendant's sentence be served in IDOC rather than the Bureau of Prisons (BOP).  Case No. 00-30011, Gov't Mem. (d/e 47); Case No. 99-30011, Gov't Mem. (d/e 62).

    Defense counsel responded that he contacted Jill Good at the United States Marshal's Service who informed defense counsel that the federal authorities "were to take" Defendant, that Defendant would serve his federal time in federal custody, and then Defendant would serve the remainder of his time in state custody.  Case No. 00-30011, Def. Mem. (d/e 48); Case No. 99-30011, Def. Mem. (d/e 63).  Good also informed defense counsel that Defendant should receive credit for all of his time in BOP and that time would be applied to his state sentence.  Defense counsel also notes that this Court, after sentencing Defendant, remanded him to the custody of the U.S. Marshal.  Finally, defense counsel states that while the Court might construe Defendant's letter as a habeas corpus petition asking that IDOC give him credit for his time spent in

federal custody, such motion is premature. As defense counsel notes, Defendant will not know how IDOC handles his time served in federal custody until he is transferred to state custody. Therefore, defense counsel believes nothing can be done until Defendant is transferred to IDOC. Case No. 00-30011, Def. Mem. (d/e 48); Case No. 99-30011, Def. Mem. (d/e 63).

Counsel are correct. This Court lacks jurisdiction to order that Defendant's federal sentence be served in a state prison. First, Rule 35 does not apply because more than 14 days have passed since sentencing. Fed.R.Crim.P. 35(a). Second, Rule 36, which allows a clerical error to be corrected at any time, does not apply because no clerical error was made. See Fed.R.Crim.P. 36.

Defendant was in federal custody when he was sentenced in federal court. See Case No. 00-30011, Arrest Warrant (d/e 35); Case No. 99-30011, Arrest Warrant (d/e 49). Therefore, this Court properly remanded Defendant to the custody of the U.S. Marshal after sentencing.

Moreover, BOP, not this Court, determines Defendant's placement in a particular correctional facility, whether state or federal.  See 18 U.S.C. § 3621(b) (BOP may designate any correctional facility whether maintained by the Federal Government or otherwise); Jones v. Winn, 13 Fed. Appx. 419, 421 (7th Cir. 2001) ("BOP has broad statutory discretion to designate any correctional facility as the place of confinement for the service of a federal sentence").  Therefore, this Court cannot order that Defendant's federal sentence be served in state prison.

Defendant's letter also asked for his transcripts.  Because Defendant is represented by counsel, that request must come from his counsel.

ENTER: March 8, 2013

FOR THE COURT:

                            s/Sue E Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE